Filed 4/29/22  P. v. McDonald CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CALVIN BENNETT McDONALD III,<br><br>        Defendant and Appellant. | A161413<br><br><br><br>(Napa County<br>Super. Ct. No. 20CR000524) |

Calvin Bennett McDonald III contends that his conviction for three counts of resisting an executive officer (Pen. Code, § 69) must be reversed because the trial court erroneously omitted an instruction on an element of the offense and provided an incorrect response to a jury question.  Because we conclude his contentions lack merit, we affirm.

BACKGROUND

McDonald's conviction stems from the aftermath of an altercation he had with a fellow patient at Napa State Hospital. McDonald punched the other patient in the face, knocking him unconscious.  McDonald cooperated with hospital police officers who escorted him to the seclusion room, and he sat down on the bed there when told to do so.  An officer closed and locked the door to the room, leaving McDonald alone inside.

Several police officers subsequently entered the room after McDonald did not comply with an order to lay down on the bed.

1

McDonald backed into a corner on the farthest wall from the door to the room, and put up his fists (or open hands—the point is disputed). He said he had the right to defend himself. The officers grabbed McDonald by his arms, pushed him down onto the bed, applied pain compliance techniques, and handcuffed him. Once the officers had restrained McDonald, the staff tied him to the bed using five-point restraints and administered medication intended to calm him down.

At trial, the prosecution argued that the officers reasonably went into the seclusion room and gained control of McDonald to ensure the staff could safely provide medication or apply five-point restraints. Some officers testified that the staff had told them before they went into the room that McDonald was going to be placed in five-point restraints, and the officers had gone into the room to grab McDonald so that the staff could safely place him in restraints. Officers also testified more generally that they intervened to ensure staff safety. Once the officers went into the room, McDonald adopted a fighting stance, and some of the officers felt they were in imminent danger of being assaulted. After the officers grabbed him, McDonald attempted to pull his arms away and free himself from the officers' holds.

The defense argued that the police officers were acting unlawfully because they unreasonably used force against McDonald, and he was therefore justified in resisting them. The officers were allowed to use force if a patient poses a risk to himself or others; or they could use force to effect an arrest, prevent escape, or overcome resistance. The staff were only allowed to apply five point-restraints when a patient is currently displaying violent or aggressive tendencies. When the officers entered the room, McDonald was not threatening to harm himself or anyone else, nor was he trying to escape the room; neither was he being placed under arrest. The officers were shouting conflicting commands at McDonald, and he stood up from the bed to comply with one of those commands. McDonald did not

advance on the officers; instead, the officers put their hands on him first. Any force McDonald used was to protect himself from being harmed by the officers. Before the staff used the five point restraints, no one told McDonald that he needed to take medication or asked him if he was willing to take the medication without the need for restraints.

## DISCUSSION

### A.

McDonald contends that the trial court erred by failing to instruct the jury on an essential element of the crime of resisting an executive officer (Pen. Code, § 69). Reviewing this claim of instructional error independently (*People v. Waidla* (2000) 22 Cal.4th 690, 733), we conclude McDonald has failed to establish prejudicial error.

### 1.

The trial court instructed the jury about the elements required for a conviction under section 69, explaining that the People must prove that:

1. The defendant unlawfully used force or violence to resist an executive officer;

2. When the defendant acted, the officer was performing his lawful duty; [and]

3. When the defendant acted, he knew the executive officer was performing his duty.

(See also CALCRIM No. 2652.) The court further instructed that a "police officer with the Napa State Hospital Police Department is a *peace officer*," which is a type of "*executive officer*." In addition:

> A peace officer is not lawfully performing his or her duties if he or she is unlawfully arresting or detaining someone or using unreasonable or excessive force in his or her duties. . . .

3

The duties of a peace officer include investigating crimes and enforcing laws, assuring the safety and protection of Napa State Hospital patients and staff members.

Finally, the court instructed the jury with a modified version of CALCRIM No. 2670, as follows:

[T]he People have the burden of proving beyond a reasonable doubt that the officer was lawfully performing his duties as a peace officer. If the People have not met this burden, you must find the defendant not guilty of the particular charge.

A peace officer is not lawfully performing his or her duties if he or she is unlawfully arresting or detaining someone or using unreasonable or excessive force in his or her duties.

Special rules control the use of force.

If a peace officer uses unreasonable or excessive force, that person may unlawfully use reasonable force to defend himself or herself.

## 2.

McDonald contends that the trial court violated his due process rights in failing to give a portion of the CALCRIM No. 2670 pattern instruction that reads: " 'A peace officer may use reasonable force to arrest or detain someone, to prevent escape, to overcome resistance, or in self-defense.' "

It is unclear to us why the proffered instruction was necessary. The question both parties presented to the jury was whether or not the officers unlawfully used force when they went into the seclusion room and grabbed McDonald. The answer to this question turned on the jury's weighing of the evidence on the extent to which McDonald posed a safety risk at the time the officers grabbed him. The proffered instruction does not address

4

this issue. In fact, by suggesting that the officers may only use reasonable force for *other* reasons, it may have confused the jury.

McDonald suggests that the instruction was necessary for the jury to decide whether the police lawfully performed their duties when they "detained" him. But the court instructed the jury (twice) that, "A peace officer is not lawfully performing his or her duties if he or she is unlawfully arresting or detaining someone." The omitted instruction adds nothing material.

In any case, even assuming the court should have provided better instructions, it is clear beyond a reasonable doubt that any error did not contribute to the jury's verdict. (See *People v. Gonzalez* (2012) 54 Cal.4th 643, 663.) As explained, the court instructed the jury that peace officers are not lawfully performing their duties if they "us[e] unreasonable or excessive force in [their] duties." It also instructed the jury that a "peace officer is not lawfully performing his or her duties if he or she is unlawfully . . . detaining someone." The court further instructed the jury that Napa State Hospital police officers' duties included "assuring the safety and protection of Napa State Hospital patients and staff members." Based on these instructions, the jury would have understood that the officers were not "performing a lawful duty" (Pen. Code, § 69) in the absence of a safety risk or other justification for detaining McDonald or using force. (See *People v. Bolin* (1998) 18 Cal.4th 297, 328 [" ' "The absence of an essential element in one instruction may be supplied by another or cured in light of the instructions as a whole." ' "]; *People v. Kumar* (2019) 39 Cal.App.5th 557, 564 (*Kumar*) [" 'Jurors are presumed able to understand and correlate instructions and are further presumed to have followed the court's instructions.' "].)

The attorneys' arguments further clarified the issue for the jury. (See *People v. Wilkins* (2013) 56 Cal.4th 333, 351 [instructional error may be harmless when arguments by counsel clarify the issue]; see also *Kumar, supra,* 39 Cal.App.5th at p.

5

567.) There was no dispute at trial regarding the general circumstances in which a peace officer may use reasonable force. Both parties agreed that the hospital police officers could lawfully act to protect their own safety or the safety of others, and the disagreement was over whether it was reasonable for the officers to believe that McDonald posed such a threat based on the circumstances. In his closing argument, defense counsel acknowledged that peace officers may use force "to effect an arrest, to overcome physical resistance, to protect the officer's safety, or the safety of others." He focused on the question whether the officers' actions were necessary to ensure safety, pointing to testimony that the officers "were not allowed to touch patients unless it's a safety concern." Defense counsel argued that the officers' actions were unlawful because McDonald did not pose an imminent threat or safety concern at the time that the officers grabbed him. The People, in turn, argued to the jury that the officers *were* concerned about safety and that they reasonably acted to gain control of a patient who had just assaulted someone.

Given the jury instructions as a whole, as well as counsels' arguments on whether safety concerns justified the officers' actions, the jury could not have misunderstood the issue.

**B.**

McDonald contends that the trial court erred in responding to a question posed by the jury during deliberations. (See *People v. Gonzalez* (1990) 51 Cal.3d 1179, 1212 [Section 1138 imposes a duty on the trial court to provide a deliberating jury with requested information on questions of law].) We conclude that McDonald waived the argument by agreeing with the court's proposed response.

During deliberations, the jury asked the court: "If we find that the hospital staff was unlawful in placing McDonald in 5 point restraints does that mean the officers were in the unlawful performance of their duties when they restrained Mr. McDonald?"

6

Before responding, the court sought input from the parties. Defense counsel asserted that the question indicated the jury was struggling with the lawful performance element and renewed his request that the court instruct the jury with the omitted language from CALCRIM No. 2670, explaining when peace officers may use force. However, the court rejected that approach, stating that the court did not think that instruction was applicable to state hospital police officers. Both parties agreed that, even if the staff's decision to place McDonald in five point restraints was incorrect, it did not necessarily mean that the officers' performance of their duties were unlawful. The court then stated:

> I think the easiest way to answer this, and [defense counsel] probably won't be happy with this, . . . because it's talking about the lawfulness of the five-point restraint. It is not an issue whether it was lawful or unlawful. So maybe that's how I answer it, the lawfulness of the five-point restraints is irrelevant. . . .
>
> [¶] . . . [¶]
>
> I would feel most comfortable just letting them know the lawfulness of the restraint is not relevant, it's not before them.

Defense counsel then responded:

> I think that is correct. If they're dealing with - - if the[y're] not struggling with the officers entering the room to do what they did, and they're literally just struggling with whether the five-point is legal, then they're in the wrong place. And I think that's right to tell them you're focused on the wrong spot.

7

Accordingly, the court told the jury: "The lawfulness of the 5 [point] restraints is irrelevant and not before you to decide."

To the extent the court incorrectly informed the jury that the lawfulness of the five-point restraints was irrelevant, McDonald has waived any contention of error. (See, e.g., *People v. Bohana* (2000) 84 Cal.App.4th 360, 373 ["Where, as here, appellant consents to the trial court's response to jury questions during deliberations, any claim of error with respect thereto is waived."].)[1]

## DISPOSITION

The judgment is affirmed.

---

[1] Because one of the two errors asserted by McDonald has been waived, we need not consider his claim of cumulative error.

          _____

          BURNS, J.

We concur:

_____

SIMONS, ACTING P.J.

_____

NEEDHAM, J.

A161413

9